## JAKE HAYS v. THE STATE.

### No. 10238. Delivered May 12, 1926.

**1.—Transporting Intoxicating Liquor—Continuance—For Witness Under Indictment—Properly Refused.**

Where appellant applies for a continuance to secure the attendance of a witness who was a participant with him in the commission of the offense, and a fugitive, such continuance is properly refused. The court is not called on to continue a case on account of the absence of a witness who is a fugitive from justice. Following Harris v. State, 8 Tex. Crim. Rep. 90, and other cases cited.

**2.—Same—Severance—Properly Refused.**

Where a severance is asked and that the co-defendant be first placed upon trial, such request is properly refused, where the co-defendant is not under arrest. A severance is properly denied when the co-defendant, whose evidence is the object of the severance, is not under arrest, or in such situation that his case can first be tried with reasonable dispatch. Following Anderson v. State, 8 Tex. Crim. App. 542.

**3.—Same — Requested Charge — Covered by Main Charge — Properly Refused.**

Appellant complains of the refusal of the court to give several special charges, requested by him, the issues presented having been given in the court's main charge in almost the identical language contained in the special charges. There was no error in refusing to give the requested charges.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful transportation of intoxicating liquor, and the punishment is two years in the penitentiary.

The state's testimony is sufficient to show that the appellant transported liquor in Van Zandt County at the time charged in the indictment. It was appellant's theory, supported by his evidence, that while he drove the car in which the liquor was transported he did not know that same contained liquor while he was driving it.

The appellant's first complaint is at the court's action in over-ruling his application for a continuance. This application was based on the absence of the witness, Jinks Cole. The record discloses that Cole was the party in the car with the appellant and the party who sold to the prosecuting witness some of the liquor that was being transported. The bill of exceptions and the testimony heard in connection therewith shows that Cole at the time the application for a continuance was filed was under indictment in the same court in which appellant was tried and that he was a fugitive from justice. The court is not called on to continue a case where the witness on account of whose absence a continuance is sought is a fugitive from justice. Harris v. State, 8 Texas Crim. App. 90. Maloney v. State, 43 S. W. 980. Stevens v. State, 49 S. W. 105. Goodwin v. State, 44 Texas Crim. Rep. 600; 73 S. W. 804. Vann v. State, 48 Texas Crim. Rep. 14; 85 S. W. 1064. Anderson v. State, 53 Texas Crim. Rep. 344; 110 S. W. 54. Deckard v. State, 58 Texas Crim. Rep. 38; 124 S. W. 673.

By his second bill of exceptions appellant complains at the court's action in refusing to grant his motion to require the state to try Jinks Cole first. The motion shows that there was an indictment against the said Cole for selling whiskey to Fred Clark and that said sale grew out of and was a part of the same transaction for which appellant was under indictment. The motion further shows that the parties were separately indicted. Upon hearing same, the court refused to grant the motion and

his qualification to the bill shows that Cole was a fugitive from justice at this time. The court's ruling in this respect was correct. A severance is properly denied when the co-defendent whose evidence is the object of the severanc is not under arrest or in such situation that his case can be first tried with reasonable dispatch. Anderson v. State, 8 Texas Crim. App. 542.

The other bills of exceptions preserve complaints at the court's action in refusing certain special charges offered by the appellant. One group of these charges sought to have the jury instructed with reference to the voluntary nature of the confession of appellant which was offered in evidence. The other group of charges sought to have the issue submitted that if the offense did not take place in Van Zandt County or within four hundred yards from the county line that the appellant should then be acquitted. Each of these issues were correctly submitted by the court in his main charge to the jury. In fact almost the identical language contained in the special charges was given in the main charge on both of these issues.

Believing that the facts are entirely sufficient to support the verdict and finding no error of procedure in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.